PEOPLE ex rel. BEBRO v. BOND.

(Supreme Court, Appellate Division, Second Department.   April 21, 1905.)

LUNACY—HABEAS CORPUS—REMAND—APPEAL—PARTIES—NEXT FRIEND.

> Insanity Law, § 73 (Laws 1896, p. 501, c. 545), provides that any one in custody as an insane person is entitled to the writ of habeas corpus on a proper application made by him or some friend in his behalf, and Code Civ. Proc. § 2058, permits an appeal in such proceedings.  *Held*, that where, on a writ sued out by a person acting as next friend of a lunatic, the court, with full knowledge of relator's interest in the proceeding, proceeded to a determination of the case on its merits, and though finding that the commitment was void, and that the alleged lunatic was not, and, in its opinion, never was, insane, remanded her to the proprietor of a lunatic asylum, an appeal from such order would not be dismissed on the ground that relator had no interest and was practically a stranger to the proceeding.

Habeas corpus by the people, on relation of Harry J. Bebro, against George Bond.  On motion to dismiss appeal.   Denied.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and MILLER, JJ.

Ira Leo Bamberger, for appellant.
William T. Gilbert, for respondent.

PER CURIAM.   This is a motion to dismiss an appeal from an order dismissing a writ of habeas corpus and remanding the person brought up to an institution for the custody and treatment of the insane.   The ground of the motion is that the relator has no interest, in that he is practically a stranger.

Section 73 of the insanity law (Laws 1896, p. 501, c. 545) in part provided that any one in custody as an insane person is entitled to the writ upon "a proper application made by him or some friend in his behalf."   The word "friend" as thus used may be given its definition as "one favorably disposed."   Anderson's Law Dict. There is some evidence to justify the inference that the application was made partly at the instance of the alleged lunatic.   The court, with full knowledge of the facts now relied upon, entertained and retained the application, and proceeded to a determination on the merits.   Section 2058 of the Code of Civil Procedure, which is applicable (section 2066, Id.), permits an appeal, and we think that, in view of this disposition by the court, we should not dismiss the appeal.   If the application was held proper, the right to appeal may well be recognized.

The order shows a cogent reason why we should hear the appeal. The return was that the person brought up was committed upon a certificate of her lunacy.   The court in the order determined that the commitment was void, in that there was no notice to the alleged lunatic, and no opportunity for a hearing was afforded to her.   It also determined therein that the person is not insane, and, in its opinion, never was insane.   And yet it remanded her to the proprietor of this institution.   The ground of the remand is that the person, who is a minor, was also held by virtue of delegated parental authority, and the restraint was reasonable and necessary under

the circumstances. We think that there is no parental authority which alone justifies the confinement of a sane minor in a mad-house. It cannot be a substitute for a void commitment of lunacy of a minor who always was, and is, sane. That in this case the minor was not taken back to the institution, but sent abroad by her parents under tutelary control, where she now is, does not affect the fact that the order is a continuous menace to her—a formal legal threat against her liberty. If the court was right in its determination as to her sanity, she is entitled to have the order set aside, or at least modified. It may be that only modification is required, inasmuch as the court in this proceeding, in the exercise of its inherent power, may, perhaps, determine that the custody of the infant should be committed to her parents.

We think that we should not dispose of the merits upon this motion to dismiss the appeal, and, for the reasons stated, we should not grant the motion.