

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Dr. C. A. Shaw, Superintendent
Big Spring State Hospital
Big Spring, Texas

Dear Sir:

Opinion No. 0-4150
Re: Should the consent of
relatives be obtained
before the release of
a patient to a person
not connected with the
hospital for a picnic,
a ride, etc? And re-
lated questions.

This is in answer to your request for our opinion on the above question, and related questions. Inasmuch as the exact nature of your inquiry is best stated by your letter itself, we quote from it:

"We will thank you to render an opinion as to the legality or possible repercussion in the practice of releasing a patient committed to a mental institution into the custody of a person not related to the patient or not connected in any way with the hospital. For example, releasing a number, say six or eight, to some person who wishes to take them for a ride, on a picnic, to a ball game, etc., and defray the expenses of such recreation. Should we gain the consent of the relatives before permitting such? Should we require the person to whom the patients are released to sign them out on furlough? In such instances and in the event of an accident whereby a patient might be injured, would the superintendent or the State be liable for judgment?"

Articles 3193i and 3193h, Vernon's Civil Statutes of 1925, prescribe the conditions upon which mentally ill patients of a State hospital may be granted temporary leave of absence from the institution:

"Art. 3193i. Temporary absence

"The superintendent of any institution, after the examination as hereinafter provided, may permit any inmate thereof temporarily to leave such institution in charge of his guardian, relatives, friends, or by himself, for a period not exceeding twelve months, and may receive him when returned by any such guardian, relative, friend, or upon his own application, within such period, without any further order of commitment, but no patient, who has been charged with, or convicted of, some offense and been adjudged insane in accordance with the provisions of the code. of criminal procedure, shall be permitted to temporarily leave such institution without the approval of the governor, nor shall such permission terminate or in any way affect the original order of commitment. The superintendent may require as a condition of such leave of absence, that the person in whose charge the patient is permitted to leave the institution, shall make reports to him of the patient's condition. Any such superintendent, guardian, relative or friend may terminate such leave of absence at any time and authorize the arrest and return of the patient. Any peace officer of this State shall cause such patient to be arrested and returned upon the request of any such superintendent, guardian, relative or friend. Any patient, except such as are charged with, or convicted of some offense, and have been adjudged insane in accordance with the provisions of the code of criminal procedure, who has returned to the institution at the expiration of twelve months may be granted an additional leave by the superintendent or upon his recommendation.

"Art. 3193j.  Money and clothing

"No patient in a State hospital shall be
discharged therefrom or permitted to leave on
a temporary visit without suitable clothing;
and the Board of Control may furnish the same,
and such an amount of money, not exceeding
twenty dollars ($20.00) as they may consider
necessary.  Inquiry shall be made into the
future situation of every patient about to
be discharged or permitted to be temporarily
absent, and precautionary medical advice
shall be given him.  No patient shall be
discharged or permitted to be temporarily
absent from any institution without a per-
sonal examination of his mental condition
made by one of the hospital physicians with-
in forty-eight hours of his departure, the
result of which shall be entered in his case
record."

Our interpretation of the authority granted the super-
intendent by these statutes, as related to the main question
here involved, hinges upon the proper meaning of the word
"friend" as used in the statute.  We believe the following
definitions are within both the letter and the spirit of the
law:

A friend is "one who entertains for another such sen-
timents of esteem, respect, and affection  that he seeks his
society and welfare; a well-wisher."  Webster's International
Dictionary, 2nd Ed. Unabridged.

"A 'friend' is one who entertains regard
for another and takes active interest in his
welfare.  In re Wagner, 114 N.W. 868, 869,
870, 151 Mich. 74."  Words and Phrases, Vol.
17, p. 696.

"The word 'friend,' as used in a stat-
ute providing for the filing of a petition
for adjudication of mental incompetency by
'a relative or friend,' means one favorably
disposed toward the alleged incompetent and
acting for his interest and benefit, no
particular degree of intimacy being required."
Ned v. Robinson, 74 P. (2d) 1156.

"The word 'friend,' in Insanity Law,
#73, Laws 1896, p. 501, c. 545, providing
that any one in custody as an insane per-
son is entitled to a writ of habeas corpus
on a proper application made by him or some
'friend' in his behalf, means one 'favorably
disposed.' 104 App. Div. 47, quoting And.
Law Dict." Words and Phrases, Vol. 17,
p. 696.

We assume that any person to whom the superintendent
of a State hospital might surrender custody and control of a
mentally ill patient, even for a short time, would be one who
(although not a relative, nor an employee of the hospital) was
favorably disposed toward the patient, and thus his friend.
And our opinion is limited to such a case.

It is therefore our opinion that the superintendent
of a State hospital may legally, acting in his discretion for
the best interests of the patients, release mentally ill patients
of such hospital to a person not connected with the hospital, nor
related to any of the patients, for the purpose of furnishing
recreation to such patients. It will be noted, however, that
the statutes above quoted contain certain conditions upon which
such action may be taken, and these conditions must be complied
with. And, since the statute places the matter in the discretion
of the superintendent, and does not require the consent of the
patient, we are of the opinion that their consent is not required.

Your question as to the liability of the State in case
a patient is injured while so released has been decided very recent-
ly by the Dallas Court of Civil Appeals in the case of Welch vs.
State, 148 S. W. (2d) 876 (writ of error refused). In that case
the court held that the State was not liable for the alleged neg-
ligence of the superintendent of the Terrell State Hospital in
permitting an employee of the hospital, known to be a reckless
driver, to carry patients to a ball game in his car (one of the
patients being killed in a collision occurring during the trip).
The superintendent's liability in such a case would depend on
whether or not he was negligent in guarding the welfare and safety
of the patient; which, of course, would depend upon the circum-
stances in each case.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By W. R. Alle

W. R. Allen
Assistant

WRA:RS